UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL BENADERET,

        Plaintiff,

        v.                                                  Case No. 19-cv-1141-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (DKT. NO. 16) AND ORDERING PLAINTIFF TO FILE A NEW OPENING BRIEF**

        On August 7, 2019, the plaintiff—a thirty-year-old man representing himself—filed this appeal of the Commissioner's denial of his request for Social Security benefits. Dkt. No. 1. Three months later, the plaintiff filed his brief in support of his claim. Dkt. No. 11. The plaintiff's father, Nelson Benaderet, wrote and signed the brief on behalf of his son. See id. at 2, 11. The defendant filed this motion to strike the plaintiff's brief because the plaintiff's non-attorney father cannot represent him or file on his behalf under Rules 11(a) and 12(f) of the Federal Rules of Civil Procedure. Dkt. No. 16. The plaintiff filed a response, indicating that he was aware of the content of the brief, that his father is his caregiver and is aware of his mental health issues and that he signs documents when required. Dkt. No. 17.

        Parties in federal court must litigate their cases "personally or by counsel." 28 U.S.C. §1654. Non-lawyers cannot represent others, even if the

1

non-attorney is an expert in "court-related grievances," Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830–31 (7th Cir. 1986); a concerned citizen, Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013); or the plaintiff's own son conferred with the power of attorney, Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004). "Representation" includes more than speaking in court: a non-lawyer may not file motions or sign documents on behalf of the party. Lewis, 784 F.2d at 830–31.

There are some exceptions to this rule. The Seventh Circuit previously state in dicta that "parents may bring claims *pro se* on behalf of their children in an effort to secure social security benefits." Elustra v. Mineo, 595 F.3d 699, 705 (7th Cir. 2010) (citing Machadio v. Apfel, 276 F.3d 103, 106–08 (2d Cir.2002)). But the Elustra court relied on a case involving a *minor* child. Machadio, 276 F.3d at 105–06. The court has found no case allowing a parent to proceed on behalf of his adult child in federal court.[1]

The plaintiff was twenty-two years old as of his alleged onset date. See Dkt. No. 10-4 at 65 (Tr. at 107). As the defendant points out, the plaintiff's father, Nelson Benaderet, appears to have prepared and filed the brief on the plaintiff's behalf: Nelson's name appears at the top of the brief and in the email listed in the contact information section. Dkt. No. 11 at 1. Nelson also signed the brief and his name is in the signature block. Id. at 11. The brief is written

---

[1] The court acknowledges that the Social Security Administration appears to allow parents to represent their adult children at the administrative hearing. See 20 C.F.R. §416.1505.

2

from Nelson's perspective. See, e.g., id. at 2 ("As I have stated previously and continually my son Joel is dealing with numerous mental health issues which affect him on a daily basis.").

Nelson does not appear to be an attorney. He is a layperson, and the law does not permit a layperson—even an adult plaintiff's own parent—to represent the plaintiff by filing a brief, speaking for him in court or making legal arguments on his behalf. The court understands that the plaintiff has endorsed his father's brief. See Dkt. No. 17. But even if the plaintiff agrees with what his father stated in the brief, the law prohibits laypersons from representing others (including filing documents on their behalf) in federal court.

The court **GRANTS** the defendant's motion to strike the plaintiff's opening brief. Dkt. No. 16. The court **ORDERS** that by the end of the day on **August 21, 2020**, the plaintiff either must file a brief that he wrote and signed, or a lawyer working on his behalf may file a brief for him.

Dated in Milwaukee, Wisconsin this 20th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**